# Walsh's License.

*Liquor law—License—Citizenship.*

A petition for a liquor license which states that the appellant is a citizen of the United States, and that he was born in Ireland, without stating the time or place of naturalization, or that he was a citizen through the naturalization of his parents, or that he was a child of American parents born abroad, is fatally defective; and the defect cannot be cured by a supplemental affidavit of the applicant that he attained citizenship while a minor by the naturalization of his father.

Argued May 21, 1903. Appeal, No. 12, April T., 1904, by Patrick J. Walsh, from order of Q. S. Allegheny Co., March T., 1903, No. 463, granting liquor license in In re Petition of Patrick J. Walsh. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for retail liquor license.

The petition set forth that the applicant was a citizen of the United States, and that he " was born in Ireland, 1864, naturalized March 12,    ." In a supplemental affidavit the petitioner averred he was born in Ireland; that he was brought into this country with his father in the year 1865; that his

father was naturalized in the city of Pittsburg about the year 1872; that your affiant has seen the naturalization papers of his father, who is now deceased, upon the occasion of a certain election in the seventh ward of the city of Pittsburg, but that he is now unable to get possession of said naturalization papers.

The court granted the license.

*Error assigned* was the order of the court.

*M. H. Stevenson*, for appellant.

*Edwin H. Stowe, A. L. Pearson, Jr.*, and *Edwin W. Stowe*, for appellee.

OPINION BY ORLADY, J., December 19, 1903:

The fifth section of the Act of May 13, 1887, P. L. 108, under which the license to the applicant was granted, requires that the petition shall contain, inter alia, "3. The place of birth of said applicant, and if a naturalized citizen, where and when naturalized." It may be conceded that the petition shows that Patrick J. Walsh was born in Ireland in 1864 (though this conclusion is not free from doubt), and also that this statement does not negative the preceding averment in the same petition that Patrick J. Walsh is a citizen of the United States.

By section 2 of the act of 1887, it is provided that a license shall only be granted to citizens of the United States of temperate habits and good moral character. The true meaning and legal effect of the word "citizen" as used in this statute requires that the rules of close interpretation be applied. The word "citizen" is used in the popular sense as expressed in the first section of the fourteenth amendment to the federal constitution, namely, all persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside; and not in the technical sense which would include children of American parents born in a foreign county and minors who come into this country as emigrants and who derive their right to citizenship through and by reason of the naturalization of their parents. The words of this statute are intended for the guidance of the people in the ward, borough or township in

which the license is desired, as well as for the court which acts upon the application; hence the petition should convey all necessary information in a clear and unambiguous manner.

Taking this petition as a whole, it may be that it is not misleading, and it may be technically true in its averments; yet it requires special learning and investigation to explain its apparent contradictions. The special status of the applicant should have been set out in a direct and plain statement in the petition when it was filed. The court was obliged to require proof of the applicant's standing in order to clear up the doubt raised by the repugnant statements in the petition, and the facts so elicited could as easily have been incorporated in the original petition as supplied at the time of the hearing. The necessity for such action was a sufficient reason for holding that the petition was inherently defective. If the supplemental affidavit of the petitioner is to be considered at all, it thereby appears that he was born in Ireland and became a citizen through the naturalization of his father, and thereby became a naturalized citizen. The uncertainty raised by the obscure statements as to Walsh's place of birth and naturalization was created by the applicant, and until that query was resolved in favor of his legal contention, the jurisdiction of the court was doubtful. It is not the policy of our license laws to resolve such a doubt in favor of the one who creates it. The statute imposes the burden of proof on the applicant to show that he is entitled to the special privilege to sell liquors, and his failure to comply with the mandatory directions of the statute has always been held to be the controlling reason for refusing the license. The public was not sufficiently informed by the petition as presented of the status of the applicant, and the court could not enlarge the provisions of the statute.

The decree of the court is reversed.